JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-01137-KK-DTBx** | Date: | May 29, 2026 |
|---|---|---|---|

| Title: | *Jose Braulio Elias Mansilla v. Speedy Delivery, LLC et al.* |
|---|---|

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 11]**

**I.
INTRODUCTION**

On November 17, 2025, plaintiff Jose Braulio Elias Mansilla ("Plaintiff") filed the operative Class Action Complaint in San Bernardino County Superior Court against his former employer Speedy Delivery, LLC ("Defendant").  ECF Docket No. ("Dkt.") 1-1, Complaint ("Compl.").  The Complaint alleges various violations of California state law.  Id. ¶¶ 16-92.  On March 11, 2026, Defendant removed the case to this Court.  Dkt. 1, Notice of Removal ("NOR").  On April 9, 2026, Plaintiff filed the instant Motion to Remand.  Dkt. 11-1, Motion ("Mot.").  The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**.

**II.
BACKGROUND**

On November 17, 2025, Plaintiff, a California citizen, filed the operative Complaint against Defendant, a Washington citizen, in San Bernardino County Superior Court.  Compl. ¶¶ 8-9.  As alleged in the Complaint, Plaintiff was employed by Defendant from July 2024 to November 2024.  Id. ¶ 8.  He brings claims on behalf of himself and a class of "all current and former non-exempt employees of Defendant."  Id. ¶ 4.  The Complaint asserts:

---

**CIVIL MINUTES—GENERAL**                Initials of Deputy Clerk DC

JS-6

Defendant maximizes profits by cutting labor costs, grossly understaffing its logistics facilities and warehouse, denying meal, recovery and rest breaks, systematically requiring off-the-clock work, and cheating their employees out of minimum and overtime wages and premium payments, failing to pay the regular rate of pay based upon nondiscretionary incentive payments, and imposes undisclosed and "ghost" quota policies which further exacerbates its California Labor Code violations.

Id. ¶ 2.  Based on these allegations, Plaintiff raises the following claims:

1. **Cause of Action One:**  Failure to Provide Required Meal Periods, in violation of Cal. Lab. Code §§ 226.7, 510, 512, 1194, 1197;

2. **Cause of Action Two:**  Failure to Provide Required Rest Breaks, in violation of Cal. Lab. Code §§ 226.7, 512;

3. **Cause of Action Three:**  Failure to Provide Required Recovery Periods, in violation of Cal. Lab. Code § 226.7;

4. **Cause of Action Four:**  Failure to Pay Overtime Wages, in violation of Cal. Lab. Code §§ 510, 1194, 1198;

5. **Cause of Action Five:**  Failure to Pay Minimum and Straight Time Wages, in violation of Cal. Lab. Code §§ 1194, 1197;

6. **Cause of Action Six:**  Failure to Pay  All Wages Due to Discharged and Quitting Employees, in violation of Cal. Lab. Code §§ 201, 202, 203;

7. **Cause of Action Seven:**  Failure to Furnish Accurate Itemized Wage Statements, in violation of Cal. Lab. Code § 226;

8. **Cause of Action Eight:**  Failure to Maintain Required Records, in violation of Cal. Lab. Code §§ 226, 1174;

9. **Cause of Action Nine:**  Failure to Indemnify for Necessary Expenditures Incurred in Discharge of Duties, in violation of Cal. Lab. Code § 2802;

10. **Cause of Action Ten:**  Unfair and Unlawful Business Practices, in violation of Cal. Bus. & Prof. Code § 17200, et seq.; and

11. **Cause of Action Eleven:**  Representative Action for Civil Penalties under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698-2699.5.

Id. ¶¶ 16-92.  Plaintiff seeks damages, including liquidated damages and statutory penalties, injunctive and declaratory relief, and attorneys' fees.  Id. at 21-22.

On March 11, 2026, Defendant removed the action, asserting complete diversity between the parties and the amount in controversy exceeds the $75,000 statutory threshold.  NOR ¶¶ 9-34.

On April 9, 2026, Plaintiff filed the instant Motion, arguing the PAGA claim destroys diversity of citizenship and Defendant cannot meet the $75,000 statutory threshold.  Mot. at. 5-13.

On April 23, 2026, Defendant filed an Opposition.  Dkt. 15, Opposition ("Opp.").

On April 30, 2026, Plaintiff filed a Reply.  Dkt. 17, Reply.

This matter, thus, stands submitted.

JS-6

///

///

# III.
# LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

# IV.
# DISCUSSION

## A.    DEFENDANT HAS MET ITS BURDEN FOR SATISFYING THE DIVERSITY OF CITIZENSHIP REQUIREMENT

### 1.    Applicable Law

Complete diversity requires each plaintiff to be of a different citizenship than each defendant.  Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  An individual is a citizen of the state where they are domiciled.  See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

For PAGA claims, California courts have determined the State "is always the real party in interest in the suit."  Viking River Cruises, Inc. v. Moriana, 596 U.S. 639, 645 (2022) (quoting Iskanian v. CLS Transp. Los Angeles, LLC, 59 Cal. 4th 348, 382 (2014), overruled on other grounds by Quach v. Cal. Com. Club, Inc., 16 Cal. 5th 562 (2024)), reh'g denied, 143 S. Ct. 60.  When considering diversity jurisdiction, the state cannot be a "citizen of itself."  Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc., 642 F.3d 728, 737 (9th Cir. 2011) (citation modified) ("For the purposes of diversity jurisdiction, a State is not a citizen of itself.").

### 2.    Analysis

Here, both the Notice of Removal and Complaint establish complete diversity of citizenship. Plaintiff does not dispute he is a citizen of California, nor does he dispute Defendant is a citizen of Washington.  See Compl. ¶¶ 8-9; Mot. at 6.  In removing this action, Defendant designated Plaintiff

JS-6

as a California citizen because the Complaint states he is a resident of California.  NOR ¶ 10; Compl. ¶ 8.  "For purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be their state of citizenship."  Covarrubias v. Ford Motor Co., No. CV 25-00328-JLS-MAAx, 2025 WL 907544, at *3 (C.D. Cal. Mar. 24, 2025) (citing Bradley Min. Co. v. Boice, 194 F.2d 80, 85 (9th Cir. 1951)).  Further, both the Notice of Removal and Complaint assert that Defendant is a citizen of Washington.  Compl. ¶ 9; NOR ¶ 11.  Hence, the Court finds Defendant has met its burden of establishing complete diversity of citizenship.

Plaintiff's argument that "a case in which the real party in interest is the State cannot be removed on diversity grounds" has no basis in law.  Mot. at 10.  To the contrary, cases alleging PAGA and other state law violations are often properly removed to federal court.  See, e.g., Olson v. Michaels Stores, Inc., No. CV 17-03403-AB-GJSx, 2017 WL 3317811, at *3 (C.D. Cal. Aug. 2, 2017) ("[D]istrict courts in California routinely exercise jurisdiction over PAGA claims when complete diversity exists between the PAGA plaintiff and the defendant."); Prestwood v. Marriot Ownership Resorts, Inc., No. SACV 19-00766-AG-SSx, 2019 WL 2522674, at *1-2 (C.D. Cal. June 18, 2019) (collecting cases); Lopez v. Ace Cash Exp., Inc., No. CV 11-07116-JAK-JCx, 2015 WL 1383535, at *5 (C.D. Cal. Mar. 24, 2015) (describing the effect of Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118 (9th Cir. 2013) on PAGA claim aggregation).  "[C]ourts in the Ninth Circuit have considered the named plaintiff's citizenship, and not the state's to be determinative of diversity jurisdiction in PAGA cases."  Olson, 2017 WL 3317811, at *2; cf. Garcia v. Old Dominion Freight Line Inc., No. EDCV-14-1023-DSF-RZx, 2014 WL 12597637, at *1 (C.D. Cal. Aug. 20, 2014) (finding the presence of the State of California as a real party in interest defeats diversity jurisdiction when an action raises only PAGA claims).  Thus, as Plaintiff and Defendant are diverse, there is complete diversity.  28 U.S.C. § 1332.

**B.    DEFENDANT HAS FAILED TO MEET ITS BURDEN FOR SATISFYING THE AMOUNT IN CONTROVERSY REQUIREMENT**

   **1.  Applicable Law**

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith."  Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation modified).  "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."  Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018).  However, the amount in controversy is reduced if "a rule of law or measure of damages limits the amount of damages recoverable."  Morris v. Hotel Riviera, Inc., 704 F.2d 1113, 1115 (9th Cir. 1983).

Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "[a] defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'"  Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014)).  In such cases, the defendant seeking removal must prove the amount in controversy by a preponderance of the evidence.  Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007).  Parties may submit evidence, "including affidavits or declarations, or other 'summary-

JS-6

judgment-type evidence relevant to the amount in controversy at the time of removal.'" Ibarra, 775 F.3d at 1197 (citation modified).  "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold," Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020), and can map a "'chain of reasoning that includes assumptions' to calculate the amount in controversy," Rosenwald v. Kimberly-Clark Corp., 152 F.4th 1167, 1176 (9th Cir. 2025) (quoting Perez v. Rose Hills Co., 131 F.4th 804, 808 (9th Cir. 2025)).  "[A]ssumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.'"  Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (quoting Ibarra, 775 F.3d at 1199).  However, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture."  Ibarra, 775 F.3d at 1197.

In cases involving alleged violations of the California Labor Code and Unfair Competition Law, courts have considered payroll information and declarations from business professionals.  See, e.g., Noriesta v. Konica Minolta Bus. Sols. U.S.A., Inc., No. CV 19-00839-DOC-SPx, 2019 WL 7987117, at *3 (C.D. Cal. June 21, 2019).  Where a complaint "provides little information about the frequency with which Defendant allegedly violated California labor laws, Defendant may reasonably choose to estimate the frequency of violations when calculating the amount in controversy."  Id. at *5 (citing Ritenour v. Carrington Mortg. Servs. LLC, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017)).  Standard multiplication of hours worked, hourly rates, and number of workweeks in the applicable period serve as sound bases for assessing the amount in controversy.  See Leyva v. Medline Indus. Inc., 716 F.3d 510, 514 (9th Cir. 2013) (stating "damages [can] feasibly and efficiently be calculated" by multiplying hourly rates by estimate off-the-clock work hours).  Further, in cases involving PAGA claims, attorneys' fees and civil penalties are calculated as part of the amount in controversy; however, PAGA claims are not aggregated with those of other employees for the purposes of the amount in controversy.  See Urbino, 726 F.3d at 1118; Olson, 2017 WL 3317811, at *4; Cal. Lab. Code § 2699(g)(1).

### 2.   Analysis

As an initial matter, the amount in controversy is not facially apparent.  See Ibarra, 775 at 1197; see generally Compl.  Rather, Defendant makes an unfounded assumption to calculate the amount in controversy.  Specifically, Defendant's calculation of the amount in controversy relies on an aggregated figure offered in the Complaint, which states "Plaintiff and the other aggrieved employees are entitled to recover [PAGA] penalties up to $158,727 for Defendant's 'willful' violation[s]." NOR ¶¶ 31-32; Compl. ¶ 77.  However, it is clear Plaintiff is not referencing his portion of the PAGA penalties, and PAGA penalties may not be aggregated to estimate an amount in controversy.  Thus "diversity jurisdiction does not lie [here] because [the] claims cannot be aggregated."  Urbino, 726 F.3d at 1122 ("Each employee suffers a unique injury – an injury that can be redressed without the involvement of other employees.  Defendants' obligation to them is not 'as a group,' but as 'individuals severally.'" (citation modified)); see Olson, 2017 WL 3317811, at *4.  Notably, per Defendant's own admission, without the estimated $158,727 in aggregated PAGA penalties, the amount in controversy in this case would not exceed $12,000.  NOR ¶ 32.

Further, although in its Opposition Defendant applies a 100% violation rate to calculate the amount in controversy, excluding the aggregated PAGA penalties, that sum would still not exceed $30,000.  Opp. at 10-28.  Adding this sum to the potential PAGA penalties still does not exceed

JS-6

$75,000.  Rather, Plaintiff appears to be entitled to only $9,750 in PAGA penalties.  <u>See</u> Compl. ¶ 91.  PAGA provides penalties of up to $100 "for each aggrieved employee per pay period" for an initial violation and up to $200 per employee for each subsequent violation.  Cal. Lab. Code § 2699(f)(2).  Aggrieved employees receive a maximum of 25% of the total civil penalties.  <u>Id.</u> § 2699(i).  Here, Plaintiff worked for Defendant for at most five months.  Compl. ¶ 8.  Assuming each violation occurred weekly, a liberal weekly pay period, and that Plaintiff receives $100 for the first pay period and $200 for each subsequent pay period, Plaintiff's PAGA civil penalties are $9,750.[1]  This sum clearly falls far short of the $75,000 jurisdictional minimum.

Finally, although Defendant contends attorneys' fees would exceed $53,000 based on an aggregated sum of PAGA penalties, Opp. at. 26-28, "courts have applied the same anti-aggregation rule the Ninth Circuit applied to PAGA penalties in <u>Urbino</u> to attorneys' fees."  <u>Olson</u>, 2017 WL 3317811, at *4 (citing <u>Patel v. Nike Retail Servs., Inc.</u>, 58 F. Supp. 3d 1032, 1048-49 (N.D. Cal. 2014)).  Ultimately, without Defendant's improperly aggregated PAGA penalties, and similarly aggregated attorneys' fee estimate, this case fails to satisfy the statutory threshold.  <u>See, e.g.</u>, <u>Penn v. Team Indus. Servs., Inc.</u>, No. CV 25-11927-SPG-SKx, 2026 WL 751162, at *4 (C.D. Cal. Mar. 17, 2026) (estimating attorneys' fees where defendant improperly aggregated PAGA penalties).

Accordingly, the Court finds Defendant has failed to establish by a preponderance of the evidence an amount in controversy exceeding $75,000.

**V.**
**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.  The Clerk of Court shall close this action and send a certified copy of this Order to the state court.  (JS-6).

**IT IS SO ORDERED.**

---

[1] This calculation assumes the PAGA default penalty for each of the ten violations alleged in the Complaint, meaning a $1,000 penalty for Plaintiff's first pay period and a $2,000 penalty for the remaining nineteen pay periods.  As the aggrieved employee, Plaintiff would be entitled to 25% of the resulting $39,000 total PAGA penalties.  <u>See, e.g.</u>, <u>Esqueda v. Sonic Auto., Inc.</u>, No. SACV 15-00404-JVS-DFMx, 2015 WL 1821022, at *3-4 (C.D. Cal. Apr. 22, 2015) (calculating PAGA penalties)